## THE J. S. WARDEN.

(District Court, E. D. New York. June 27, 1907.)

1. MARITIME LIENS—EVIDENCE TO ESTABLISH.
   Evidence of an account stated between a claimant and the owner of a vessel for supplies furnished has no tendency to establish a maritime lien on the vessel.

2. SAME—SUPPLIES—NEW JERSEY STATUTE.
   A claim for a lien for supplies furnished a vessel in her home port in New Jersey, under 2 Gen. St. N. J. p. 1966, § 46, sustained on evidence that they were furnished and charged to the vessel.

   [Ed. Note.—Created by state laws, see note to The Electron, 21 C. C. A. 21.]

In Admiralty.

S. Howell Jones, for libelant.
Wing, Putnam & Burlingham, for claimant.

CHATFIELD, District Judge. The libelant has brought an action in admiralty against the steamer J. S. Warden for coal and kindling wood furnished to said boat within the state of New Jersey during the months of July and August, 1905. The alleged reasonable value of these supplies is $1,333.10, upon which $200 has been paid by the claimant.

The libelant claims a lien under the laws of the state of New Jersey, and also a maritime lien on the ground that credit was furnished directly to the vessel. The claimant denies the various allegations, and alleges that it became the purchaser for value of the steamboat J. S. Warden during the month of August, 1905, and that it has paid for all coal and wood received on board since the 9th of August in that year; that Newark, N. J., where the supplies were furnished, was the home port of the Warden, and that no lien exists either under the state laws or as a maritime lien in admiralty. The matter was referred to a United States commissioner in this district, who has taken the proof and reported that, owing to a clerical error, the amount of the claim should be $1,033.10, which, with interest from September 1, 1905, to the date of the report, amounting to $86.43, makes a total of $1,119.53, for which the commissioner reports that he finds a valid lien against the vessel. Exceptions have been filed to the commissioner's report, based upon the objections made to the receipt of evidence, and upon the defense that no lien existed. The evidence taken before the commissioner shows that the libelant attempted to prove the reasonable value of certain goods, which he offered evidence to show were charged to the steamer Warden. The claimant objected to the introduction of this testimony, and the testimony was received apparently subject to further connection. The libelant also attempted to prove an account stated, as against the claimant, and payments on account by checks, which checks were not honored, but were offered as admissions of liability.

It is difficult to see how a maritime lien could be established by proving an account stated. The account could not be rendered to the boat, and this evidence would seem to be competent merely for the purpose of estopping the claimant from disputing the quantity and the value fixed upon the supplies by the libelant.

There is sufficient testimony to substantiate the finding by the commissioner, as against the claimant, for the reasonable value of the supplies. The testimony as a whole raises the presumption that the supplies were furnished and charged to the vessel. No motion to strike out the testimony was made by the claimant, based upon a failure to further connect the deliveries with the boat, and no testimony was offered by the claimant to contradict any of the claims of the libelant.

So far as the testimony shows, the port of Newark was the home port of the vessel, and the case is thereby not affected by the decision filed upon the 30th day of January, 1907, by the Circuit Court of Appeals, Second Circuit, in the case of Consolidation Coal Company v. The Steam Yacht Golden Rod, 151 Fed. 6.

The exceptions to the commissioner's report will therefore be overruled, and a decree may be entered for the libelant for the amount found by the commissioner, with interest from the date of the report.